■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN

YOUNG, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 14, 1975, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The robbery in question took place at a store at about 8:00 P.M. on March 4, 1974, long after sunset. The sole evidence of guilt was the saleslady-cashier's positive identification of defendant when he came into the store nine months later, in the afternoon, based in large part on the fact that the robber had been a Black man in his early twenties without front teeth. Defendant met these specifications. Defendant's defense was alibi, both general and specific. He and his mother asserted, generally, that for many years he had not gone out at night because of his illness and operations. The trial court sustained the People's objection as to the specifics of his medical history. Defendant also testified, specifically, that on March 4, 1974 he had received treatment at a hospital clinic (this is not controverted) and that upon his return from such a treatment he invariably would remain home for the rest of the day. On summation the prosecutor ridiculed this by stating: "Is it reasonable for a 24-year old person to come home every day, go straight to bed, and has never seen the nighttime, has never seen the moon in 14 years? That's what he wants you to believe." The fact is, however, as we have learned from the probation report, that defendant, since age 11, has suffered from the Zollinger-Ellison syndrome, a very serious condition of the pancreas which results in an extreme acidic condition and ulcers of the stomach. In April, 1970 defendant underwent an entire gastrectomy, with his stomach being replaced with a portion of the lower bowl. Further surgery was later performed to correct a mistake in the placement of the bowel. The syndrome, as it applies to defendant, is associated with tumors of the pancreas and liver which are inoperable. Tiredness is apparently one of the results of the condition and rest is part of the treatment. Nevertheless, it is quite likely that the condition will worsen. Under these circumstances, the jury should have been permitted to know of defendant's medical history as it related to his alibi defense. The relevance of this information far outweighs any problem of possible undue sympathy for the defendant. Margett, J. P., Rabin, Titone and Mollen, JJ., concur.